**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tiffany Lynn Thompson,<br><br>            Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>            Defendant. | No. CV-18-01733-PHX-SMB<br><br>**ORDER** |

At issue is the denial of Plaintiff Tiffany Thompson's Applications for Disability Insurance Benefits and Supplemental Security Income by the Social Security Administration (SSA) under the Social Security Act. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 14, Pl. Br.), Defendant SSA Commissioner's Response Brief (Doc. 19, Def. Br.), and Plaintiff's Reply (Doc. 21, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 13, R.) and now affirms the Administrative Law Judge's (ALJ) decision (R. at 19–40) as upheld by the Appeals Council (R. at 1–6).

**I.     BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits on November 1, 2016, and an application for Supplemental Security Income on February 14, 2014. (R. at 22.) For each application Plaintiff alleged a period of disability beginning on December 26, 2013. (R. at 22.) Her claims were denied initially on July 15, 2014, and upon reconsideration on

January 23, 2015. (R. at 22.) On November 4, 2016, Plaintiff appeared before the ALJ for a hearing regarding her claim. (R. at 22.) On March 3, 2017, the ALJ denied Plaintiff's claim, and on April 4, 2018, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision. (R. at 1, 34.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The Court will discuss the pertinent medical evidence in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: obesity, chronic obstructive pulmonary disease, asthma, heart disease, degenerative disc disease of the lumbar spine, osteoarthritis of the bilateral knees, and carpal tunnel syndrome. (R. at 25.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff is not disabled. (R. at 34.) The ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (R. at 28.) The ALJ also calculated Plaintiff's residual functional capacity (RFC) and found that Plaintiff has the RFC to perform sedentary work, "except she can occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds, and frequently perform all other postural activities (balancing, kneeling, stooping, crouching, crawling). [She] is limited to bilateral frequent fine and gross manipulation." (R. at 28.) Accordingly, the ALJ found that Plaintiff can perform jobs that exist in significant numbers in the national economy and is not disabled. (R. at 33.)

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the

record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity (RFC) and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III. ANALYSIS

Plaintiff raises three arguments for the Court's consideration.[1] First, she argues that

---

[1] Plaintiff also appears to challenge the ALJ's evaluation of a letter from Plaintiff's treating Nurse Practitioner, Ronald Byrd. (Pl. Br. at 20.) While treating Plaintiff, Nurse Practitioner Byrd submitted a letter opining that Plaintiff "is having some medical issues that will not allow her to work at this time." (R. at 687.) The ALJ correctly rejected this opinion because it was unexplained and opined solely to an issue—disability—that is reserved to the ALJ. (R. at 31.) See 20 C.F.R. § 404.1527(d).

- 3 -

the ALJ erred in concluding that Plaintiff's migraines and mental impairments are not severe impairments. (Pl. Br. at 15.) Second, Plaintiff argues that the ALJ incorrectly evaluated the opinions of Plaintiff's treating physician. (Pl. Br. at 17.) Finally, Plaintiff argues that the ALJ incorrectly evaluated Plaintiff's symptom testimony. (R. at 22.) For the reasons that follow, the Court rejects each of Plaintiff's arguments.

> **A.   The ALJ's correctly determined that Plaintiff's mental impairments and migraines are not severe impairments.**

The ALJ found that Plaintiff's mental impairments—bipolar disorder and anxiety disorder—are medically determinable impairments, but that they are not severe impairments because they "do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities." (R. at 27.) The ALJ found that based on the medical evidence and Plaintiff's self-reporting, she has no more than a mild limitation in any functional area. (R. at 27.)

Similarly, the ALJ found that Plaintiff's migraines were not a medically determinable impairment, and consequently, are not a severe impairment. (R. at 27.) The ALJ found that there was no objective evidence corroborating Plaintiff's diagnosed migraines, and that they were probably explained by medication overuse. (R. at 26.) Instead, the ALJ found that the migraines diagnoses were based solely on Plaintiff's subjective reports. (R. at 27.)

A claimant must provide objective medical evidence to establish a medically determinable impairment. 20 C.F.R. § 404.1513(a)(1). An ALJ can find that a medically determinable impairment or combination of impairments is nonsevere only if it has "no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Only one severe impairment is required for a claimant to survive the step-two severe impairment analysis. *Id*. The ALJ must consider all of a claimant's medically determinable impairments when calculating her RFC, regardless of whether they are severe. *Id*.; 20 C.F.R. § 404.1523. Consequently, an ALJ's errant failure to treat an impairment as severe is typically harmless if the claimant survives step-two and

the ALJ considers all the claimant's medically determinable impairments, severe or otherwise. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). An ALJ's step-two determination will be upheld if substantial evidence supports her finding that a claimant's impairment is nonsevere. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

There are unique considerations when a claimant alleges that a mental impairment is severe. The ALJ rates a claimant's degree of functional limitation in four broad functional areas to determine whether her mental impairments are severe. 20 C.F.R. § 404.1520a(c). The functional areas are: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. 20 C.F.R. § 404.1520a(c)(3). The ALJ rates the level of impairment on a five-point scale: none, mild, moderate, marked, and extreme. 20 C.F.R. § 404.1520a(c)(3). If the ALJ finds that the degree of limitation is only mild in each functional area, then she will generally find that the claimant's mental impairment is nonsevere. 20 C.F.R. § 404.1520a(d)(1).

The ALJ did not err in finding that Plaintiff's mental impairments are nonsevere. The ALJ correctly evaluated Plaintiff's mental limitations in each of the four functional areas. (R. 27–28.) As the ALJ noted, the medical evidence reveals mild or nonexistent limitations due to her mental impairments. (R. at 27, 28, 437, 769, 793, 813, 1149.) Instead, the record largely indicates that Plaintiff's limitations are mostly physical. (R. at 47.) Similarly, Plaintiff did not allege any limitations in some areas of mental functioning. (R. at 27, 28.) Accordingly, the ALJ did not err in finding that Plaintiff's mental limitations are not severe. Even if the ALJ mistakenly concluded that Plaintiff's mental impairments are not severe, that error would have been harmless because the record does not suggest any additional limitations due to those impairments that the ALJ was required to include in Plaintiff RFC. *See Burch*, 400 F.3d at 682.

Similarly, the ALJ did not err in finding that Plaintiff's migraines are not a medically determinable impairment and that her migraines are not a severe impairment. The ALJ correctly noted that there is no objective medical evidence of Plaintiff's migraines. (R. at

26.) Objective evidence is required for a claimant to establish a medically determinable impairment. 20 C.F.R. § 404.1513(a)(1). The record does not provide objective evidence of Plaintiff's migraines; instead it only provides evidence of Plaintiff's subjective reports of migraines. (R. at 26, 27.) Therefore, the ALJ was not required to include any limitations due to Plaintiff's migraines in her RFC, and consequently, the ALJ did not err.

### B. The ALJ correctly rejected the opinions of Plaintiff's treating physician because the opinions were internally inconsistent.

Dr. Kevin Cleary assessed Plaintiff's functional capacity in March 2015 and January 2017. (831–36, 1163–67.) In 2015, Dr. Cleary opined that, among other limitations, Plaintiff could sit up to four hours per workday and stand less than one hour per workday. (R. at 833.) He found that Plaintiff would not need to avoid continuous sitting during the workday and she would not need to elevate her legs while sitting. (R. at 833.) Furthermore, Dr. Cleary also found that Plaintiff does not need to take unscheduled rest breaks during the workday nor does she have any limitations in reaching, handling, or fingering. (R. at 834.) Finally, Dr. Cleary found that these limitations date back to January 1, 2014. (R. at 835.)

In 2017, Dr. Cleary's opinion changed considerably. (R at 1163–67.) He found that Plaintiff could sit for only one hour per workday, but could stand or walk for two hours. (R. at 1165.) He found that Plaintiff would need to avoid continuous sitting for more than 15 minutes at a time and would need to elevate both legs while sitting. (R. at 1165.) He also found that Plaintiff would need to take unpredictable and unscheduled breaks to rest during the workday and she was limited in reaching, handling, and fingering. (R. at 1166.) Finally, Dr. Cleary stated that these limitations apply as far back as December 26, 2013. (R. at 1167.)

The ALJ assigned Dr. Cleary's opinions partial weight noting that the record supported a significant portion of the opinions. (R. at 31.) Nevertheless, the ALJ rejected some of Dr. Cleary's preferred limitations because they were incongruent with Plaintiff's daily activities and because Dr. Cleary did not explain why his opinions drastically changed

despite nearly identical diagnoses at the times the opinions were made. (R. at 31.) Accordingly, the ALJ found some of Dr. Cleary's proffered limitations were "overly cautious." (R. at 31.)

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is not given controlling weight, then the ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(d)(2)–(6) and determine the appropriate weight to give the opinion. *Orn*, 495 F.3d at 632. If a treating physician's opinion is contradicted by another doctor's opinion, the ALJ cannot reject the treating physician's opinion unless he provides specific and legitimate reasons that are based on substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Plaintiff argues that the ALJ erred by failing to give Dr. Cleary's opinions controlling weight. (Pl. Br. at 21.) The Court disagrees. The ALJ need only give a treating physician's opinion controlling weight when "'it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the record].'" *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 1995) (citing 20 C.F.R. § 404.1527(c)(2)). That was not the case here. The magnitude of the limitations opined to by Dr. Clearly are not entirely substantiated by the record, and the ALJ adequately included in Plaintiff's RFC the limitations that are supported by the record. The ALJ found Plaintiff can only perform a limited range of sedentary work and further limited Plaintiff to frequent fine and gross bilateral manipulation. (R. at 28.) These limitations adequately incorporate the limitations opined to by Dr. Cleary and are supported by substantial evidence.

Additionally, the ALJ was entitled to consider the inconsistencies between Dr. Cleary's two opinions when evaluating them. *Bayliss*, 427 F.3d at 1216. Dr. Cleary's opinions proffered significantly different limitations despite nearly identical onset dates and diagnoses. (831–36, 1163–67.) Plaintiff argues that Dr. Cleary referenced neurological records, but these records do not adequately explain the two different sets of limitations across nearly identical time periods that Dr. Clearly opined to. (R. at 1069, 1084.) Therefore, the ALJ was entitled to reduce the weight given to Dr. Cleary's opinions and did not err in evaluating them.

**C.     The ALJ correctly evaluated Plaintiff's symptom testimony.**

Plaintiff argues that the ALJ misevaluated Plaintiff's symptom testimony by improperly considering Plaintiff's daily activities and the medical evidence. (Pl. Br. at 24.) Specifically, Plaintiff claims that her daily activities were minimal and that the medical evidence documents her consistent complaints of functional limitations. (Pl. Br. at 25) However, Plaintiff does not identify any specific limitations that Plaintiff alleged that the ALJ failed to include in her RFC. Ultimately, the ALJ found that Plaintiff's daily activities did not fully corroborate her alleged limitations nor did the available medical evidence. (R. at 30.)

An ALJ performs a two–step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id.* at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical

evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch*, 400 F.3d at 680.

The Court finds that the ALJ correctly evaluated Plaintiff's symptom testimony. The ALJ appropriately relied on Plaintiff's daily activities in considering Plaintiff's allegations. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Even though Plaintiff is correct that her daily activities are minimal, they still do not indicate that she has greater functional limitations than the ALJ found. (Pl. Br. at 24.) Plaintiff's ability to perform activities independently, prepare meals, and provide childcare buttresses the ALJ's conclusion that she can perform a limited range of sedentary work. (R. at 30, 261, 313.) Furthermore, the medical evidence does not corroborate greater limitations than the ALJ found, and Plaintiff does not specify any limitations the ALJ failed to include. Although the ALJ cannot rely on medical evidence alone for rejecting a claimant's testimony, a lack of medical evidence supporting alleged limitations is a permissible consideration. *Burch*, 400 F.3d at 680. Here, the medical evidence supports the existence of significant limitations, and the ALJ found Plaintiff has significant limitations limiting her to a reduced range of sedentary work. (R. at 28.) Nevertheless, substantial evidence does not support the existence of limitations greater than those found by the ALJ. Accordingly, the ALJ did not err.

**IT IS THEREFORE ORDERED** affirming the February 28, 2017 decision of the ALJ, as upheld by the Appeals Council on April 4, 2018.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this matter.

Dated this 28th day of April, 2020.

Honorable Susan M. Brnovich
United States District Judge